# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

RICK G. LEATHERWOOD, )
)
            Plaintiff, )
v. ) Case No. CIV-16-485-SPS
)
COMMISSIONER of the Social )
Security Administration, )
)
           Defendant. )

## OPINION AND ORDER

The claimant Rick G. Leatherwood requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. He appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the decision of the Commissioner should be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a

five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: (1) whether the decision was supported by substantial evidence, and (2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 10, 1954, and was sixty-one years old at the time of the administrative hearing (Tr. 27, 108). He completed the twelfth grade, and has worked as a cable technician (Tr. 18, 147). The claimant alleges he has been unable to work since June 28, 2013, due to diabetes, pain in his shoulder and arms, arthritis, and foot neuropathy (Tr. 146).

## Procedural History

On September 14, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ Lantz McClain held an administrative hearing and determined the claimant was not disabled in a written decision dated June 18, 2015 (Tr. 12-19). The Appeals Council denied review, so the ALJ's written opinion represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. At step four, he found that the claimant retained the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c), *i. e.*, he could lift/carry fifty pounds occasionally and twenty-five pounds frequently, and stand/walk and sit for six hours each in an eight-hour workday (Tr. 15). The ALJ then concluded at step five that although the claimant could not return to his past relevant work, he was nevertheless not disabled

because there was work he could perform, *e. g.*, production helper and conveyer tender (Tr. 18-19).

**Review**

The claimant's sole contention of error is that the RFC assessed by the ALJ failed to account for his nonsevere hand limitations. The Court finds this contention unpersuasive for the following reasons.

The ALJ found that the claimant had the severe impairments of diabetes mellitus and obesity, as well as the nonsevere impairments of mild osteoarthritis changes of the hands and mild degenerative joint disease (Tr. 14). The admittedly sparse medical records demonstrate that the claimant reported to his treating physician that he quit his job as a cable technician in part because his hands were cramping and he felt he was endangering himself (Tr. 192). His doctor noted that he had some changes of osteoarthritis in his hands, and he continued to report hand and shoulder pain (Tr. 192, 225). December 2013 x-rays of both hands were "essentially unremarkable" and appeared to be within normal limits (Tr. 198).

On November 21, 2013, Dr. Jimmie Taylor conducted a physical examination of the claimant, noting his reports of hand numbness and spasms (Tr. 201). On exam, he found that the claimant had 5/5 grip strength in both hands, as well as a safe and stable gait (Tr. 202). Dr. Taylor assessed the claimant with peripheral neuropathy, insulin dependent diabetes mellitus, degenerative joint disease of the shoulders, a question of carpal tunnel syndrome, and a history of renal stone (Tr. 203). The claimant demonstrated full range of motion, even on the hand/grip assessment, had no muscle atrophy or sensory loss, and

could effectively oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools such as a hammer (Tr. 207).

State reviewing physicians found that the claimant did not have any severe impairments (Tr. 46, 54-55).

At the administrative hearing, the claimant testified that he began to have problems with his hands on the job as a cable technician and ultimately had to quit (Tr. 29). He further testified that his hands bother him once or twice a day and it has slowed down, but that they bothered him more when he was working (Tr. 30). When asked how he relieved the cramps, he testified that he would rub the hands to relieve the cramp (Tr. 31).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. At step four, the ALJ particularly noted each of the medical records in evidence, noting that the "claimant has a history of multiple complaints but there is minimal objective evidence to support his allegations" (Tr. 16). The ALJ specifically noted Dr. Taylor's consultative exam findings with regard to the claimant's hands, as well as the treating physician notes regarding the claimant's complaints of hand pain (Tr. 16-17). He then noted that although the claimant's hand pain was medically determinable, it was not severe enough to prevent him from working, and he cited the x-rays and Dr. Taylor's consultative exam (the only objective evidence in the record) in support.

The claimant contends that the ALJ erred by failing to properly assess his RFC, specifically with regard to his hand limitations. The Court disagrees. The claimant argues that the ALJ's failure to include limitations related to his hands was error, but the ALJ

noted and fully discussed *all* of the findings of the claimant's various treating, consultative, and reviewing physicians (Tr. 16-18). The Court finds that when all the evidence is taken into account, the conclusion that the claimant could perform medium work is well supported by substantial evidence. *See Hill v. Astrue*, 289 Fed. Appx. 289, 293 (10th Cir. 2008) ("The ALJ provided an extensive discussion of the medical record and the testimony in support of his RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [he] can determine RFC within that category.'"), *quoting Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). The Court finds no error in the ALJ's failure to include any additional limitations in the claimant's RFC. *See, e. g., Best-Willie v. Colvin,* 514 Fed. Appx. 728, 737 (10th Cir. 2013) ("Having reasonably discounted the opinions of Drs. Hall and Charlat, the ALJ did not err in failing to include additional limitations in her RFC assessment."). *See also Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir.2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), *citing* 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

The gist of the claimant's appeal is that the Court should re-weigh the evidence and determine his RFC differently from the Commissioner, which the Court simply cannot do. *See Casias*, 933 F.2d at 800 ("In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency."). *See also Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests

with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ."), citing 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 404.1545, 416.946.

## Conclusion

In summary, the Court finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. The decision of the Commissioner of the Social Security Administration is accordingly hereby AFFIRMED.

**DATED** this 27th day of March, 2018.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**